

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

DEC 10 2020

ARTHUR JOHNSTON
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**DONALD DOYLE**                                             **PLAINTIFF**

**VS.**                              **CIVIL ACTION NO.** 3:20cv793 CWR LGI

**CINEMARK USA, INC.;**
**AND JOHN DOE ENTITIES A-M**                               **DEFENDANTS**

### *COMPLAINT*

COMES NOW, Donald Doyle, by and through counsel of record, and files this

Complaint against Defendants Cinemark USA, Inc.; and John Doe Entities A-M and, in

support thereof, would respectfully show unto the Court as follows:

### A. **PARTIES**

1.      Plaintiff, Donald Doyle, is an adult resident citizen of Hinds County,

Mississippi.

2.      Defendant, Cinemark USA, Inc. (hereinafter "Cinemark"), is a corporation

organized and existing under the laws of the State of Texas.  Cinemark can be served

with process of this Court by serving its registered agent designated at the Mississippi

Secretary of State's office to receive process on its behalf, Corporation Service Company

at 7716 Old Canton Rd., Suite C, Madison, Mississippi 39110.

3.      Defendants, John Doe Entities A-M are entities presently unknown to

Plaintiff at this time and are named in this lawsuit pursuant to Rule 9(h) of the

Mississippi Rules of Civil Procedure.  All allegations and claims asserted herein against

Defendant(s) are incorporated by reference against these persons, and they will be

identified by name and joined in this action, by amendment of the Complaint, pursuant to the Federal Rules of Civil Procedure, when the information to do so becomes available.

## B. **JURISDICTION AND VENUE**

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and because there is complete diversity of citizenship between Donald Doyle and Defendants.

5.      Venue in this Court is proper pursuant to 28 U.S.C. §1391 in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District, and Defendants are subject to personal jurisdiction in this district.

## C. **FACTS**

6.      On December 25, 2019, Donald Doyle (hereinafter "Mr. Doyle") and his wife, Donna, went to Cinemark Theatre located Pearl, Mississippi to watch a movie. Mr. Doyle was present in the location as a business invitee. This theatre location is owned and operated by the Defendants.

7.      Mr. Doyle went to use the Men's room at the location. As he was walking at a normal pace, he began to open the door to the restroom and enter. As he was opening the door, he placed his foot just inside the doorway to enter as one would normally do so and as one would expect one to do so. As soon as his initial step touched the floor just inside the doorframe, Mr. Doyle's foot came out from under him causing him to fall extremely hard to the ground.

2

8.     The impact of the fall caused tremendous pain to Mr. Doyle's left shoulder and other parts of his body.  As he attempted to get up, his feet continued to slip and slide beneath him making it extremely difficult to get up, and his clothes were covered with soapy water.  It was discovered that one of the Defendant's employees was mopping the bathroom floor without any warning whatsoever being posted outside of the bathroom to warn patrons of the theatre of the dangerous condition existing just inside the doorframe of the restroom.  Additionally, the door was not propped open to allow patrons to easily see the "wet floor" sign that was placed well inside the restroom.  Nor was the "wet floor" sign placed in a easily conspicuous location to maximize visibility of the same prior to entering the dangerous area.

9.     It is also noted that the employee was negligently mopping the floor with far too much soap which created a far more dangerous condition than one would expect to find in connection with a recently mopped floor.

10.    As a direct and proximate result of his fall, Mr. Doyle suffered serious and significant injury to his left shoulder which required extensive medical treatment including surgery.

11.    The Defendants are in the business of operating a theatre business at the Cinemark location that was frequented by Mr. Doyle on the day in question.  As such, Mr. Doyle was present at the location in answer to the express or implied invitation of the Defendants for their mutual advantage.  Therefore, Mr. Doyle was clearly present in the Defendants' business location as a business invitee at the time of this incident. Therefore, the Defendants owed Mr. Doyle the duty to exercise reasonable and ordinary

3

care to keep the premises in a reasonably safe condition or warn him of known dangers. The Defendants failed to do so which proximately caused significant injury to Mr. Doyle.

### D. COUNT ONE (1) - NEGLIGENCE

12.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs above, as if set forth in full hereinafter.

13.     The Defendants are in the business of operating a theatre business at the Cinemark location that was frequented by Mr. Doyle on the day in question. As such, Mr. Doyle was present at the location in answer to the express or implied invitation of the Defendants for their mutual advantage. Mr. Doyle was clearly present in the Defendants' business location as a business invitee at the time of this incident. Therefore, the Defendants owed Mr. Doyle the duty to exercise reasonable and ordinary care to keep the premises in a reasonably safe condition or warn her of known dangers.

14.     The duty owed to Mr. Doyle by the Defendants included a duty to inspect its premises and remove any and all potential hazards to its customers such as Mr. Doyle.

15.     Disregarding its duty as the owner of a business, the Defendants were guilty of one or more of the following:

   (a) Failure to maintain the premises in a reasonable safe condition;

   (b) Failure to warn Plaintiff of the dangerous condition;

   (c) Failure to implement the proper procedures to prevent or avoid the incident when the Defendants knew, or in the existence of reasonable care should have known, that there existed an unreasonably dangerous condition in the restroom that would case a person, such as Mr. Doyle, to slip and fall;

   (d) Failure to identify and remedy known or foreseeable hazards;

4

(e)     Failure to exercise reasonable care, and permitting and allowing said premises to become and remain in a negligent, defective and unreasonably dangerous condition;

(f)     Failure to reasonably inspect said area for this hazardous condition where they knew, or with reasonable diligence should have known, that such condition greatly increased the risk that persons, such as Mrs. Doyle, would slip and fall;

(g)     Failure to otherwise exercise due care with respect to the allegations contained in this Complaint; and

(h)     Any and all other negligent acts and/or omissions which may be shown during the course of proceedings in this case.

16.     At all times relevant to this cause of action, the employees of the Defendants were acting in the course and scope of their employment with the Defendants. As such, the Defendants are vicariously liable for any and all of their employees' actions and/or omissions via the doctrine of *respondeat superior.*

17.     As a direct and proximate result of the Defendants' negligence, as set forth herein and above, Mr. Doyle suffered significant and tremendous physical and emotional injuries from his fall.

### E. COUNT THREE (3) – GROSS NEGLIGENCE, PUNITIVE DAMAGES, ETC.

18.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs above, as if set forth in full hereinafter.

19.     The aforesaid actions and omissions of Defendants constitute intentional, willful, unlawful, and reckless conduct and a wanton disregard of the rights of Plaintiff and other members of the public whom they invite to frequent their theatre locations all over the country and/or constitutes such gross negligence and recklessness as to show a

total lack of regard as to the rights of Plaintiff and other members of the public invited to shop at their theatre locations, which entitle Plaintiff to recover punitive and exemplary damages against said Defendants.

## F. DAMAGES

20.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs above, as if set forth in full hereinafter.

21.     As a direct and proximate result of the concurrent negligent acts/omissions of said Defendants, Plaintiff sustained injuries and incurred substantial damages as listed hereinbelow including, but not limited to, the following:

       (a)     Past, present, and future doctor, hospital, drug, and medical bills;

       (b)     Past, present and future mental anguish and emotional distress;

       (c)     Past, present and future physical pain and suffering;

       (d)     Inconvenience and discomfort;

       (e)     Permanent physical impairment;

       (f)     Disfigurement;

       (g)     Loss of enjoyment of life; and

       (h)     Any other relief which the Court or jury deems just or appropriate based upon the circumstances.

## G. RELIEF DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a trial by jury and that Defendants Cinemark USA, Inc. and John Doe Entities A-M, be served with process of this Court, to appear and answer same, and that after due proceedings be had, there be a monetary judgment herein in favor of Plaintiff of and from Defendants for:

     (a)     Actual and compensatory damages;

     (b)     Punitive and exemplary damages;

     (c)     Reasonable attorney fees;

     (d)     Pre-judgment and post-judgment interest and all costs accrued in this action; and

     (e)     Any other legal or equitable relief the Court deems just and appropriate under the circumstances.

RESPECTFULLY SUBMITTED, this the 30th day of November, 2020.

DONALD DOYLE

BY:

Jay M. Kilpatrick
ATTORNEY FOR PLAINTIFF

OF COUNSEL:

KOBS & PHILLEY, PLLC
JARED A. KOBS, MSB NO. 101612
BENJAMIN N. PHILLEY, MSB NO. 101556
JAY M. KILPATRICK, MSB NO. 100136
Post Office Box 2230
Madison, Mississippi 39130-2230
Telephone: 601.856-7800
Facsimile: 601.856-7031
E-mail: jkilpat@kobsphilley.com